## DIMMITT v. BREAKEY.

(Circuit Court of Appeals, Fifth Circuit. July 10, 1920. Rehearing Denied August 9, 1920.)

No. 3466.

1. **Assault and battery ⟶10—Attempt by plaintiff to evade draft law no defense to civil action.**

That plaintiff acquired possession of land for the fraudulent purpose of obtaining a deferred classification under the Draft Law as an agriculturist *held* not to warrant his dispossession by defendant, a stranger to the title, nor to constitute a defense to an action for assault and battery committed in attempting plaintiff's ejection.

2. **Appeal and error ⟶1031(1)—Where judgment is substantially just, prejudicial error must be shown.**

It is incumbent on a party, appealing from a judgment substantially just, to point out not merely that there was technical error in the admission or rejection of evidence, but that it was of such a nature that prejudice might reasonably have resulted therefrom.

In Error to the District Court of the United States for the Northern District of Texas; James C. Wilson, Judge.

Action at law by Glenn L. Breakey against J. J. Dimmitt. Judgment for plaintiff, and defendant brings error. Affirmed.

Certiorari denied 254 U. S. ——, 41 Sup. Ct. 13, 65 L. Ed. ——.

M. M. Crane, of Dallas, Tex., W. H. Kimbrough, of Amarillo, Tex., Edward Crane, of Dallas, Tex., M. J. R. Jackson and R. E. Underwood, both of Amarillo, Tex., and M. M. Crane, Jr., of Dallas, Tex. (Crane & Crane, of Dallas, Tex., and Kimbrough, Underwood, Jackson & Simpson, of Amarillo, Tex., of counsel), for plaintiff in error.

S. H. Madden and F. M. Ryburn, both of Amarillo, Tex. (V. H. Grinstead, of Liberal, Kan., W. I. Gamewell, of Dalhart, Tex., and Madden, Trulove, Ryburn & Pipkin, of Amarillo, Tex., of counsel), for defendant in error.

Before WALKER, Circuit Judge, and CALL and HUTCHESON, District Judges.

HUTCHESON, District Judge. Plaintiff in error prosecutes this writ from a verdict and judgment against him in a suit for damages awarded plaintiff, defendant in error here, for $10,000 actual and $1,000 exemplary damages.

This suit, which resulted in such verdict and judgment, was an action by the plaintiff, alleging unjustified assault and battery committed on plaintiff by defendant while on the premises occupied by him and his father. The defendant denied generally, and specially denied that he had entered into any conspiracy, that he had done or said any of the things which plaintiff charged, and that he had in any manner injured plaintiff. He further alleged that the plaintiff was a slacker; that is, a person derelict in the performance of his duty toward his country in the recent war with Germany; that plaintiff and his father had no right upon the premises, for that the defendant himself was in

⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

lawful possession of the property at the time of the injury; and that the plaintiff had fenced the property and premises in question willfully and maliciously.

To these allegations defendant added that at the time of the claimed injury he was making merely a peaceful visit, for the purpose of adjusting matters between himself and plaintiff, and that while there did nothing of any kind on his account, or in aid of others, to injure plaintiff. Defendant also asserted damages by cross-action, resulting to his cattle from the fencing, and to himself from fright and fear, due to the actions of the plaintiff at the time alleged.

The cause was submitted to the jury on a written charge which correctly advised the jury as to the rights of the plaintiff and the measure of his damages, if any, and fairly and fully presented all of the issues presented by the pleadings and the evidence, except the issue made by the defendant that plaintiff was not entitled to recover because the defendant had a right to eject plaintiffs from the premises, first, because plaintiff had no contract or other right to be there, and, second, because plaintiff was a slacker, and any contract or right acquired by him to use the premises was void, because acquired in aid of his slackerism, in pursuance of a scheme to claim fraudulent exemption upon an agricultural classification.

As to this issue, the court peremptorily instructed the jury that the plaintiff had a right to be where he was, and, while he admitted a great deal of testimony on the issue of slackerism, especially instructed the jury that the testimony was only admissible as bearing, not upon the right of the plaintiff to recover, but upon the measure of damages. The jury returned a verdict for $10,000 actual and $1,000 exemplary damages, and under the instructions of the court found against defendant on his cross-action.

There was ample evidence to support the charge of conspiracy and the theory of plaintiff that the defendant had made a wanton and unprovoked assault upon the plaintiff, and as to the cross-action there was no warrant in law for the claim of defendant for damages growing out of the fact that his cattle were, as he claimed, fenced off from water on plaintiff's own land, or land to which plaintiff had rightful possession, and there was no evidence upon the part of defendant showing that he had sustained any damage from fright or fear, upon which that phase of the issue could have gone to the jury. If, therefore, the issues of slackerism and with whom lay the rightful possession constituted no defense to this suit, and if there was no material error committed by the court in the matter of ruling upon the evidence, the judgment must be affirmed.

While defendant did plead, and did also offer some evidence in support of it, that his mission to the premises where the difficulty occurred was peaceful, and that plaintiff and not the defendant was the aggressor, the real reliance of defendant was placed upon the proposition that he had a right to go to plaintiff and use what force was reasonably necessary to eject plaintiff from the premises, and that for his action in that regard he could not be liable.

[1] This contention was based in part upon the want of a strict

legal transfer to the plaintiff of the title and possession of the premises, and in greater part upon the ingenious theory that, if plaintiff had acquired the tract as a basis for a false affidavit in connection with his claim for agricultural exemption from military service, the plaintiff could not be heard to either claim possession, or resist the efforts of other persons, not connected with the title, to oust him therefrom.

As to the first contention, it is sufficient to say that the evidence is undisputed that the plaintiffs were in possession of the premises by arrangement with the owner, and had inchoate rights therein as contract purchasers, which they could maintain against the defendant, as well as any other person; and as to the second proposition, whatever may be the effect in the moral field of the matters claimed by the defendant to make plaintiff an Ishmael, such would not be their effect in the field of law, and by no correct process of reasoning could the conclusion be arrived at that the fraud of plaintiff, if proven, would confer upon the defendant, or any one else, the right, without legal process, to lay hands upon the plaintiff or eject him from the premises.

The Scripture hath it: " 'Vengeance is mine; I will repay,' saith the Lord." The Constitution and laws of the United States provide a form of trial for parties accused of offenses against the government, and if there has been any wrong done in this matter upon which defendant so vigorously relies for his compurgation from the wrongs charged against him, that must be determined at a different time, in a different way, and before a different tribunal. It is evident, therefore, that as to the feature of the case which the defendant denominates "slackerism" the error of the court below was not against the defendant, but against the plaintiff in permitting the evidence to be introduced, and later to be received upon the issue of damages.

[2] As to the claimed errors in the matter of the admission of evidence, whatever may have been the rule in the past, the English rule that, where it appears that substantial justice has been done, no reversal will be had on account of the erroneous admission or rejection of evidence, especially where it appears that adding to or subtracting from the evidence in question should not alter the result, now prevails, not only in the appellate courts of the United States, but in many of the states, and it is incumbent upon one who appeals from a judgment, otherwise just, to point out, not merely a technical errancy in the admission or rejection of evidence, but that it is of such a nature that prejudice might reasonably result therefrom. The examination of the numerous specifications of error on the admission and rejection of evidence, in the light of this principle, discloses only a few which present even technical error, and none which can lay claim to substance.

As to all the specifications which call in question the action of the court in admitting in evidence a full account of the acts and sayings of the defendant and his companions and the other participants in the struggle on the night in question, they are all clearly admissible for the purpose, outlined by the court in his charge, of throwing light upon the state of mind of the defendant, and determining the issue of whether or not he came, as he claimed in his pleadings, for the purpose of

having a peaceful discussion, or came with temper and anger in his heart.

Nor was there any prejudicial error committed by the court in his rulings upon the evidence on the issue of the rightful possession by the plaintiff or the defendant of the premises in question. It is equally plain that the specifications attacking the action of the court in admitting in evidence the statements of L. I. Breakey, as to why he went to Mason's house, and why he did not go home, do not, in any view, raise or present an error which could have had any bearing upon the result.

As to the specifications charging error in the admission in evidence of letters from Breakey to Langer, it is sufficient to say that if, in any view, these letters were subject to the technical objection of hearsay and self-serving declarations, no reversal should result from their admission, because the same matters are in evidence on the examination of the defendant, without objection, and the exclusion of these letters would cause no substantial change in the record, and besides, in view of the very full evidence on the disputed points in the case, and the fact that the persons whose letters are made the subject of these exceptions themselves testified, and were subjected to the fullest cross-examination, no prejudicial error could possibly have arisen from this admission, if it was technically erroneous.

In reference to the assignment that plaintiff was permitted to elicit from Roy Guffey, witness for defendant, on cross-examination, that he had been indicted and found guilty of cattle theft it is sufficient to say that, while we think it clear that there was a technical errancy in the court's ruling, it is equally clear that whatever prejudicial effect the introduction of this evidence had was removed by the instruction of the court, prior to the conclusion of the argument, withdrawing this issue from the jury.

Finding no reversible error in the record, the judgment of the court below will be affirmed.